**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CALVIN BROWN, | 2:16-cv-01854-JAD-NJK |
| Plaintiff | |
| v. | **ORDER DISMISSING AND CLOSING CASE** |
| MUJAHID RAMADON et al., | |
| Defendants | |

This is a pro se civil rights action filed under 42 U.S.C. § 1983 by a former county prisoner. On May 1, 2017, this court gave plaintiff 30 days to update his address with this court. ECF No. 3. The 30-day period has now expired, and plaintiff has not filed his updated address or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[1] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[2] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

---

[1] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[2] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

availability of less drastic alternatives.[3]

In the instant case, the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[4] The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[5] The court's order directing plaintiff to update his address expressly warned: "if Plaintiff fails to timely comply with this order, the Court shall dismiss this case without prejudice." ECF No. 3 at 2. And this district's Local Rule IA 3-1 requires pro se parties to "immediately file with the court written notification of any change of mailing address. . . ." Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on plaintiff's failure to file an updated address in compliance with this Court's May 1, 2017, order.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* **(ECF No. 1) is DENIED as moot.**

The Clerk of Court is directed to CLOSE THIS CASE.

DATED: June 5, 2017

                                                     Jennifer A. Dorsey
                                                    United States District Judge

---

[3] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

[4] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[5] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.